UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISZTIAN MARK RIEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TURO, INC.,<br><br>    Defendant. | Case No. 25-cv-06901-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 9, 15 |

Before the Court is Defendant Turo, Inc.'s ("Turo") motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for January 8, 2026, was vacated. *See* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby GRANTS Turo's motion, for the following reasons.

I.   **BACKGROUND**[1]

As described by the company's declarant, Turo is an online peer-to-peer car sharing platform that connects hosts with guests seeking to book a host's vehicles. Armstrong Decl. ¶ 3. Turo does not own the vehicles that hosts list for booking on its platform, and it does not maintain the Hosts' vehicles. *Id.* ¶ 4.

Plaintiff Kriztian Mark Riez alleges that on February 10, 2025, he booked a vehicle listed by a host on Turo's platform, to be used between February 18 and 20, 2025. *See* Dkt. 1-1 at 9-10

---

[1] Though the Court typically accepts the truth of a plaintiff's allegations for purposes of resolving a motion to dismiss, given the substance of Turo's factual attack, the Court considers evidence outside the complaint as well. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.").

1  ("car sharing agreement" attached to complaint). Riez asserts the vehicle was contaminated with
2  an undisclosed amount of fentanyl as "confirmed by border authorities." Compl. at 4. Riez
3  contends that "[o]n or about February 19, 2025, Turo represented to plaintiff that the rental vehicle
4  was safe, clean, and fit for use, in accordance with its advertised standards and Terms of Service."
5  Compl. at 5. Riez alleges that such representation was false in that "[t]he vehicle was
6  contaminated with fentanyl," and that Turo had no reasonable ground for believing the
7  representation to be true at the time it made the representation. *Id.*

8  Riez complains further that, on some unknown date, Turo received a warning, after which
9  it "did nothing . . . just relisted the vehicle, knowingly endangering future renters, families, and
10 children." Compl. at 4. Riez claims that Turo "denied all responsibility and refused to help,
11 abandoning the plaintiff and a witness to wrongful detainment, PTSD, reputational destruction,
12 and the loss of an $850,000 sponsorship." *Id.*

13 On July 11, 2025, Riez filed the above-captioned action against Turo in San Francisco
14 Superior Court, alleging claims for (1) general negligence, (2) breach of contract, (3) negligent
15 misrepresentation, (4) concealment, and (5) promissory estoppel. *See generally* Compl. (Dkt. No.
16 1-1). On July 14, 2025, Turo removed the action to federal court based on diversity jurisdiction.
17 *See* Dkt. No. 1.

18 **II.   DISCUSSION**

19 Turo moves to dismiss for lack of subject matter jurisdiction and failure to state a claim,
20 and it additionally moves to strike Riez's request for punitive damages. *See* Dkt. No. 9. The
21 Court takes up the question of subject matter jurisdiction first and, finding such jurisdiction
22 lacking, does not reach the remaining issues.

23 The Court evaluates challenges to Article III standing under Rule 12(b)(1), which governs
24 motions to dismiss for lack of subject matter jurisdiction. *Maya v. Centex Corp.*, 658 F.3d 1060,
25 1067 (9th Cir. 2011). Rule 12(b)(1) motions may be either facial, where the inquiry is confined to
26 the allegations in the complaint, or factual, where the court is permitted to look beyond the
27 complaint to extrinsic evidence. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). When a
28 defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed

true, and the court determines whether the factual allegations are sufficient to invoke the court's subject matter jurisdiction. *Id.* When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see also Leite*, 749 F.3d at 1121. The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.8 (9th Cir. 2012).

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.' For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case – in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation omitted). To establish standing, "(1) the plaintiff [must have] suffered an injury in fact, i.e., one that is sufficiently 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,' (2) the injury is 'fairly traceable' to the challenged conduct, and (3) the injury is 'likely' to be 'redressed by a favorable decision.' " *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized.' " *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 597 (9th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), as revised (May 24, 2016)).

Here, Riez alleges that as a result of Turo's alleged actions, he suffered (1) wage loss, (2) hospital and medical expenses, (3) general damage, (4) loss of earning capacity, (5) emotional distress, (6) reputational harm, (7) punitive damages, and (8) legal expenses. *See* Compl. at 3. Riez seeks compensatory damages, punitive damages, and damages in the amount of $1,500,000.00. *Id.* These vague purported harms are not supported by factual allegations and fail on multiple grounds. First, Riez does not claim that he or anyone else suffered any physical harm from fentanyl exposure. Second, he does not identify when he ever informed Turo about the alleged fentanyl exposure, despite asserting that Turo refused to help him. Third, Riez does not specify the nature of his "$850,000 sponsorship" or how the presence of fentanyl in the vehicle

3

1  caused him to lose it.  Fourth, Riez does not specify how this incident caused him reputational
2  harm, particularly given that Riez does not establish that "border authorities" took any action
3  against him.  Finally, he does not acknowledge or engage with the Terms of Service he agreed to
4  before this booking occurred.

5  More importantly, Riez's injuries are not traceable to Turo's challenged action because
6  Riez does not allege that Turo took any action contributing to his injuries.  All Turo did, according
7  to the complaint, was allow Riez, as the guest, to book a non-party host's vehicle over Turo's
8  online platform.  For example, Riez does not allege Turo contaminated the vehicle with fentanyl
9  or that Turo knew the vehicle was contaminated prior to his injury because Turo does not possess,
10 clean, or otherwise physically inspect any of the vehicles listed on its online platform.  Armstrong
11 Decl. ¶ 4.  It is the host's responsibility to "to ensure their vehicles are in safe and operable
12 condition."  Ex. A at 17.  As the operator of a peer-to-peer marketplace, Turo connects hosts and
13 guests with one another and establishes certain rules around issues like vehicle safety and
14 cleanliness.  Armstrong Decl. ¶ 4.  The vehicle was owned, controlled, and operated by another
15 Turo user, a non-party host.  *Id.* ¶ 4.  To the extent Riez suffered a legally cognizable injury, he
16 has not alleged facts connecting Turo's conduct to that injury.

17 Further, to the extent Riez alleges Turo allowed the vehicle to be relisted on its platform
18 after the vaguely-described incident, Riez fails to allege how he was injured by such relisting.
19 Compl. at 6, FR-6 (alleging that Turo "put the public at risk").  Plaintiff does not have a concrete
20 or particular injury to assert a claim on this basis.

21 Because Turo did not contribute to Riez's alleged injuries after being stopped at the border,
22 his injury is not sufficiently traceable to Turo's challenged action for Riez to establish Article III
23 standing.  Riez fails to meet his burden establishing Article III standing because none of his
24 purported injuries are traceable to Turo's conduct.

25 **III.  CONCLUSION**

26 Because Riez fails to offer facts establishing injury in fact, and because Riez fails to
27 establish that any injury is traceable to Turo's conduct, Riez lacks Article III standing to bring this
28

4

action against Turo. The Court therefore GRANTS Turo's motion to dismiss for lack of subject matter jurisdiction. The Court DISMISSES the complaint with leave to amend.

Riez may file an amended complaint by no later than January 16, 2026. No additional parties or claims may be added without leave of Court or stipulation of Turo. Though the Court did not address in this order Turo's additional attacks on the complaint, including a motion to dismiss for failure to state a claim under Rule 12(b)(6) and a motion to strike the claim for punitive damages under Rule 12(f), the Court cautions Riez to consider those arguments in preparing an amended complaint.

Riez is advised that there is helpful information for self-represented litigants at http://cand.uscourts.gov/proselitigants, including the Northern District's *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*. Riez is also encouraged to seek the assistance of the free Legal Help Center operated by the Bar Association of San Francisco. A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415-782-8982.

**IT IS SO ORDERED.**

Dated: December 16, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**